W. W. McCOY, RESPONDENT, *v.* I. C. BATEMAN AND D. E. BUEL, APPELLANTS.

ACTION FOR RENT—LESSEE CAN NOT DENY LESSOR'S TITLE. Lessees, after the enjoyment of their term, can not defeat an action of their lessor for rent by setting up that they have paid the rent upon a judgment recovered against them by persons claiming to be co-tenants with their lessor.

ACTION FOR RENT BY PARTY OTHER THAN LESSOR—INTERPLEADER. If a lessee be sued for rent by any person other than the lessor and fears liability to double payment, he can escape such liability by bill of interpleader.

INSTRUCTION NOT TO CONSIDER EXCLUDED EVIDENCE. An instruction warning the jury against the consideration of evidence, which has been offered but properly excluded, is perfectly proper.

CONFLICTING EVIDENCE. The rule that the Supreme Court will not consider the weight of conflicting evidence has been so often reiterated as to become somewhat monotonous.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

This was an action to recover $426 61, balance of rent alleged to be due on a lease for four months commencing November 11, 1869, of the McCoy Furnace at Eureka, Lander County; $521 90 for breach of contract to receive and pay for certain bullion, and $100, damages done the furnace during the lease. The defendants in their answer set up that one undivided fourth of the demised premises belonged to David Hughes and H. Mayenbaum who were entitled to all the balance of rent due, and that defendants had paid it to them. The answer denied any breach of contract and any damage to the furnace.

On the trial the plaintiff testified, among other things, that at the time he leased the furnace he was in his opinion the sole owner of it; but that the ownership involved a question of law between himself on one side and Hughes and Mayenbaum on the other and that he had subsequently purchased their asserted rights; that he was nevertheless in full possession of the property and sole manager, and that the defendants went into the possession under the lease from him and remained in undisturbed possession during the term. The defendants, among other things, offered to prove that before the lease was made the plaintiff owned only three-fourths of the furnace; that the other fourth was owned by Alonzo Monroe, which afterwards and before the date of the lease became the property of Hughes and Mayenbaum; that Hughes and Mayenbaum as such owners had in August, 1870, recovered judgment against defendants for the same rent sued for in this action, and that defendants had paid the same to them. Plaintiff objected to the proposed evidence; and the court sustained the objection and excluded it.

The court charged the jury as follows: "You are instructed that no evidence that any rent has been paid by defendants to Hughes and Mayenbaum can be considered by you, and that if any balance of the amount agreed to be paid by the lease in evidence has never been paid to McCoy, then he is entitled to recover that balance in this action."

There was a verdict in favor of the plaintiff for $1040 53, the amount of his claim; and judgment was entered accordingly. Defendants moved for a new trial, which was overruled; and they then appealed from the judgment and order.

*Geo. S. Hupp,* for Appellants.

No brief on file.

*Selden Hetzel,* for Respondent.

I. No right existed in either Monroe or Hughes and Mayenbaum to a share in the rents and profits of the demised premises—McCoy having been, as is in evidence, in full possession of the property—unless in pursuance of an express agreement by them, with McCoy, of an ouster. See *Pico* v. *Columbet,* 12 Cal. 414; *Goodenow* v. *Ewer,* 16 Cal. 461; *Wilcox* v. *Wilcox,* 48 Barbour, 327.

II. The defendants having remained in possession during the entire term of the demise, their obligation to pay rent to the lessor is not set aside by any payments made subsequently to his co-tenants. An eviction is necessary. *Edgerton* v. *Page,* 20 N. Y. 281; 10 Abbott Prac. 119; *Giles* v. *Comstock,* 4 N. Y. 270; *Moffatt* v. *Strong,* N. Y. Superior Court, 1861, and authorities there cited.

By the Court, WHITMAN, J.:

Appellants, under a lease from respondent, entered and enjoyed undisturbed possession of certain premises for their term; surrendered possession to their lessor; paid him a portion of the rent; refused payment of the balance, which they paid upon a judgment obtained long after the termination of their tenancy by certain parties claiming to be

co-tenants of the lessor. This was pleaded as defense to the action of respondent to recover the balance of rent to him unpaid. The district court refused to allow proof to support the plea. This is assigned as error.

Whatever view may be taken of the nature of the action, the testimony was inadmissible. Appellants had enjoyed their term and received all that they had bargained for. It was not for them to be picking flaws in respondent's title nor to select some other to whom to pay the rent. If they feared any double payment,—admitting now that any such suit as that instituted against them by lessor's co-tenants could have been properly maintained,—they could have escaped any liability by bill of interpleader. *Vernam* v. *Smith*, 15 N. Y. (1 Smith) 328.

The instruction excepted to was under the previous ruling of the court perfectly proper; it simply warned the jury against the consideration of evidence offered, but excluded. There was some evidence tending to support the claim for damages, and no contradiction thereof; so this court, under the rule so often reiterated as to become somewhat monotonous, must decline to interfere with the order refusing a new trial.

The judgment and order are affirmed.